UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA**

v.                                                          Case 8:19-cr-00538-WFJ-SPF

**KEVIN ANDRES VALIOS-GUTIEREZ**
_____ /

<u>**DEFENDANT'S SENTENCING MEMORANDUM**</u>

### I.  MR. VALIOS-GUTIEREZ' BACKGROUND

Kevin Andres Valios-Gutierez was born in Choco, Colombia, and endured a childhood marked by extreme poverty. (PSR ¶42). He has very little formal education, having dropped out of school after the fifth grade. (PSR ¶55). While he has done a variety of jobs throughout his life to make ends meet, most of his employment experience has been as a harvester making less than $10 USD per day. (PSR ¶57). He agreed to take on this smuggling venture solely to help his mother and his young child, all of whom still struggle just to obtain enough food to eat. (PSR ¶¶23, 44, 46).

### II. REQUEST FOR A ONE-LEVEL DOWNWARD VARIANCE

Should this court grant the government's §5K1.1 motion, Mr. Valios-Gutierez will be receiving a two-level downward departure to a total offense level of 25. He respectfully requests that this Court depart/vary one additional level down from that range, as it is "sufficient but not greater than necessary" to accomplish the purposes

1

of sentencing. 18 U.S.C. § 3553(a). The Sentencing Guidelines are now, of course, advisory. *United States v. Booker*, 543 U.S. 220 (2005). This Court should apply a downward adjustment to the Guidelines calculation because of Mr. Valios-Gutierez' minor role in the offense. In addition, this Court should impose a sentence at the bottom of the guidelines to further reflect the nature of this offense and Mr. Valios-Gutierez' history and characteristics.

To be sure, the nature of this offense and the quantity of cocaine involved implicate the needs to punish, deter, and incapacitate. However, those needs are mitigated in this case by Mr. Valios-Gutierez' circumstances and motivation for committing the offense. As for punishment, Congress requires this Court to consider "just punishment." Mr. Valios-Gutierez turned to the drug trade as a mule due to the crushing poverty he has experienced throughout his life. While his motivations do not excuse his actions, they do lessen the degree of his culpability.

A downward departure/variance is also warranted to reflect Mr. Valios-Gutierez' lesser role in the larger drug trafficking scheme. While the minor-role adjustment accounts for this to some extent within the Guidelines range, it expressly does not consider those actors within the scheme that are not discernible, or identifiable from the evidence, or involved in conduct outside of the defendant's relevant conduct. *United States v. Rodriguez De Varon*, 175 F.3d 930, 944 (11th Cir. 1999). In considering the statutory sentencing factors under 18 U.S.C. § 3553, however, this Court is not so limited. Mr. Valios-Gutierez is an insignificant cog in

the massive and intricate machinery of the South American drug trade. A host of actors, unknown to both the Government and Mr. Valios-Gutierez, owned and controlled the cocaine, and its further distribution to addicts. His infinitesimally small role in the drug trade as a mariner on a panga boat decreases his culpability and the amount of punishment that is "just."

As to deterrence, even a below guidelines sentence will be more than enough to specifically deter Mr. Valios-Gutierez. He has been ripped from his country and his family and will be confined in an American prison among hardened criminals who do not speak his language for a period of years. The message to Mr. Valios-Gutierez will be clearly received, and he is extraordinarily unlikely to climb aboard another rickety panga boat again and risk further foreign imprisonment.

Because the specific deterrence of Mr. Valios-Gutierez will be so effective even with a shortened prison sentence, the need to protect society from further crimes committed by him is also diminished in this case. Finally, as to general deterrence, the power of even a long prison sentence to project general deterrence from Tampa, Florida, to the next hapless, down-on-his-luck harvester in Colombia is questionable at best. Mr. Valios-Gutierez' sentence should not be increased on the unlikely hope that the population of a foreign country will suddenly get the message. Such sentences are appropriate for cartel kingpins, not insignificant mariners.

Finally, Mr. Valios-Gutierez' history and characteristics suggest a young man deserving of some measure of mercy for his mistake. He has dealt with extreme

3

instability and poverty his entire life. He should not go unpunished, but even a low-end Guidelines sentence of 57 months would be greater than necessary to meet the goals of sentencing in this case. Accordingly, this Court should depart one additional level downward from that range.

**WHEREFORE** the Defendant, Mr. Valios-Gutierez, prays this Court will vary downwards from the Guidelines range and impose a sentence of 51 months' incarceration.

Dated this 4th day of November, 2020.

Respectfully Submitted,

JAMES T. SKUTHAN
ACTING FEDERAL DEFENDER

*/s/ Paul Downing*
Paul Downing
Pennsylvania Bar # 0307704
Assistant Federal Defender
400 North Tampa St, Suite 2700
Tampa, Florida 33602
Telephone: 813-228-2715
Fax: 813-228-2562
Email: Paul_Downing@fd.org

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of November, 2020, a true and correct copy of the foregoing was furnished by using the CM/ECF system with the Clerk of the Court, which will send notice of the electronic filing to:

AUSA Tereza Ohley

*/s/ Paul Downing*
Paul Downing
Assistant Federal Defender